IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

                              Criminal Action:  03-20033-01-GTV

    vs.

AYAD ABO-SEBA

        Defendant.

## GOVERNMENT'S TRIAL BRIEF ON THE ISSUE OF SELF DEFENSE

The United States of America, by and through Assistant United States Attorney, Kim M. Berger, hereby submits the following trial brief on the issue of self defense.

## FACTS

The defendant in this case has been charged with two counts of assault within the special maritime and territorial jurisdiction of the United States.  Specifically, the defendant is accused of assaulting two prison guards at the United States Penitentiary at Leavenworth, Kansas.  Based upon the defendant's tendered jury instruction, the government believes that the defendant intends to rely on a self defense theory of defense. It is the government's position that such a defense is not cognizable under the facts and circumstances of this case.

The government believes that the facts presented to the jury will establish that the defendant was an inmate at the United States Penitentiary at Leavenworth, Kansas, on the date of the assault.  The evidence will also establish that the two individuals assaulted on

1

March 2, 2003, were working in their capacity as guards at the penitentiary.  The evidence will show that the defendant was observed by staff members of the prison cutting himself with a razor.  When Lieutenants Simek and Treadway attempted to stop the defendant from harming himself, the defendant attacked them swinging the razor and yelling, "I will kill you all."  "I will kill all you Americans."  The defendant was actually able to cut Lieutenant Simek on the neck before being subdued.  It is believed that the defendant will claim that he believed the guards were coming to his cell to assault him, and therefore he attacked them in self defense.

### ARGUMENTS AND AUTHORITIES

The jury instruction for self defense reads:

> The defendant has offered evidence of having acted is self defense.  Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of ***unlawful*** force. However, a person must use no more force than appears reasonably necessary under the circumstances. (Emphasis added).

United States v. Herder, 59 Fed. Appx 257, 2003 WL 245092 (10th Cir. (N.M.).

A person is only allowed to use force to repel an unlawful attack, or an unlawful use of force.  Therefore, at the very outset the court must determine whether or not the officers actions in this case were unlawful.  It is insufficient to sustain a claim of self defense that the defendant subjectively believed he was about to be the victim of an assault.  United States v. Linn, 438 F.2d 456 (10th Cir. 1971).  In this case the guards merely approached

2

the defendant's cell and requested that he stop cutting himself.  After repeated requests, the defendant began threatening to kill himself and the guards were required to act in order to prevent the defendant from seriously injuring himself.  The guards in this case were acting within the bounds of their job responsibilities and within the bounds of the law.  Even if the defendant subjectively believed that when the cell doors were opened that the guards were going to assault him, such a belief does not rise to the level of cognizable self defense theory.  Furthermore, there has been no allegation that the guards acted improperly or used excessive force against the defendant prior to his attack on them.  As long as the guards acted lawfully, the defendant's use of force against them was improper.  Therefore, the defendant would not be entitled to a self defense instruction.

It is proper for the court to refuse to instruct on the theory of self defense when there is insufficient evidence to support the self defense theory.  United States v. Montoya, 676 F.2d 428, 431 (10th Cir. 1982).

The government requests that the court consider the above arguments and authorities in determining whether to instruct the jury on the defendant's theory of self defense.

## CONCLUSION

The government believes that the defendant is not entitled to a self defense instruction under the facts of this case.  The guards acted lawfully and therefore no use of force by the defendant was justifiable.  The government would request that the court refuse to give any instruction relating to self defense.  In the alternative, if the court does

determine that a self defense instruction is appropriate, the government would request that the court give the one set forth above.

Respectfully Submitted,

Eric F. Melgren
United States Attorney
District of Kansas


s/Kim M. Berger_____
KIM M. BERGER, # 13407
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: kim.berger@usdoj.gov
ELECTRONICALLY FILED
            Attorneys for Plaintiff


CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2005, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Patrick E. D'Arcy
813 North 9th Street
Kansas City, KS 66101
Attorney for Defendant

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

None.

s/Kim M. Berger_____
KIM M. BERGER, # 13407
Assistant United States Attorney