# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**      )<br>                                                              )<br>                    **Plaintiff,**                )<br>                                                              )<br>**v.**                                                    )<br>                                                              )       **Case No. 03-20033-01-CM**<br>                                                              )<br>**AYAD ABO-SEBA,**                            )<br>                                                              )<br>                    **Defendant.**           )<br>_____)  |

## MEMORANDUM AND ORDER

On March 16, 2005, following the trial of this matter, the jury found defendant guilty of two counts of assault with a dangerous weapon. This matter comes before the court on defendant's Motion for New Trial (Doc. 73).

**I.      Background**

Defendant claims that the jury's verdicts were not supported by the evidence and that defendant's due process rights under the Fifth Amendment have been violated.

The trial of this matter lasted a day and a half. During the trial, the government presented the testimony of five witnesses, and defendant testified on his own behalf. The jury deliberated for less than two hours before finding defendant guilty on both counts of assault with a dangerous weapon.

**II.     Legal Standards** [1]

     **A.     New Trial**

A court may grant the defendant a new trial "if required in the interest of justice." Fed. R. Crim. P. 33. Courts view motions for new trial with disfavor and grant them only with great caution. *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992). The defendant has the burden of proving the necessity of a new trial. *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000).

**III.    Discussion**

In support of his Motion for New Trial, defendant claims that the jury's verdicts were not supported by the evidence and that defendant's due process rights under the Fifth Amendment have been violated. Defendant specifically claims that he was denied a presumption of innocence, that the physical evidence did not support the government's theory of the case, and thus the jury's verdicts were error that resulted in manifest injustice to defendant. The government contends that defendant's Motion for New Trial should be denied because defendant's testimony was not credible, and the evidence overwhelmingly supported the verdict.

The jury in this case heard the testimony of the correctional officers who dealt with defendant on the date of the assault and viewed photographs of defendant that were taken on the date of the assault. The

---

[1] In reviewing a motion for new trial, the court views the evidence in the light most favorable to the government. *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999).

jury also heard the testimony of the physician's assistant for the correctional facility who treated defendant on the date of the assault, as well as the testimony of defendant.

As the government has pointed out, the jury was able to evaluate the demeanor and manner of each witness and evaluate the testimony in light of the physical evidence.  The jury apparently found the testimony of the government's witnesses more credible than defendant's testimony.  The court finds that the testimony of the correctional officers and the physician's assistant, in addition to the physical evidence presented at trial, support the government's theory of the case and the jury's verdicts.  Accordingly, the court finds that defendant has failed to meet his burden of showing that the interests of justice require a new trial.

**IT IS THEREFORE ORDERED** that defendant's Motion for New Trial (Doc. 73) is denied.

Dated this 27th day of June 2005, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**