**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

  **vs.**               **Case No. 03-20033-01-CM**

**AYAD ABO-SEBA**

   **Defendant.**

### SENTENCING MEMORANDUM

The United States of America, by and through Kim I. Martin, Assistant United States Attorney, hereby submits the following sentencing memorandum for the courts consideration in the sentencing of Ayad Abo-Seba. In response to each of the individual objections made by the defendant to the Pre-Sentence Report, the government would make the following observations:

**1.**  **Biological Information**.

The defendant objects to the biological information located on page 2 of the Pre-Sentence Report in which it is reported he used the alias Kshaish Abo Sba. This information was obtained through NCIC. The report indicated that the defendant used that alias upon his arrest on May 2, 2000. The Pre-Sentence Report accurately reflects the documentation provided by NCIC. The inclusion of this information does not effect the ultimate sentencing guideline range.

**2.**     **<u>Offense Conduct and Relevant Conduct</u>.**

The defendant objects to the inclusion of the information relating to the altercation he had with staff members at CCA.  He further objects to any offense conduct that is inconsistent with his trial testimony. The defendant's trial testimony was wholly disbelieved by the jury.  The jury necessarily did not believe the defendant's version of events surrounding his assault of the officers.  The defendant's offense conduct was documented at the time of the incident with photos of the defendant as well as written reports of the officers.  The photos clearly demonstrate that the defendant's rendition of events was patently false.

The incident at CCA was also well documented at the time of the occurrence.  The government can produce testimony of the incident if the court feels it necessary.  This incident is proof of the defendant's volatility and dangerousness.  It is important for the court to be well informed about the defendant's behavior so as to determine where within the guideline range he should be sentenced, and whether or not an upward departure may be appropriate under the circumstances.

Finally, the defendant wholly denies the conduct for which he was convicted.  He denies swinging the razor blade at the officers, claiming that he was jumped by 3 guards and did nothing.  This is once again wholly inconsistent with the trial testimony and the jury's verdict. The evidence overwhelmingly proved the defendant was cutting himself with a razor blade.  The guards repeatedly asked the defendant to throw down the weapon, however, when he began to cut his wrists instead of his abdomen, the guards opened the cell doors in order to prevent the defendant from seriously injuring himself.  The Pre-Sentence Report accurately reflects the trial evidence.

3.      **<u>Obstruction of Justice</u>.**

The defendant objects to the enhancement for his obstruction of justice. This enhancement is given because the defendant testified falsely at trial. Application notes 4(b) and (f) state that an obstruction enhancement is warranted for "committing, suborning, or attempting to suborn perjury" and for "providing materially false information to a judge or magistrate". In order for the enhancement to be given, the court need only find that the defendant committed perjury. In order to apply the enhancement the court must make a finding of perjury that encompasses all the factual predicates of perjury. *United States v. Dunnigan*, 507 U.S. 87, 95, 113 S. Ct. 1111, 1117, 122 L.Ed.2d 445 (1993). Second, the findings must specifically identify the perjured testimony. *United States v. Arias-Santos*, 513 U.S. 1175, 115 S. Ct. 1156, 130 L.Ed.2d 1113 (1995).

The court must find that the defendant gave false testimony under oath concerning a material matter with willful intent to provide false testimony rather than as a result of confession, mistatement or faulty memory. *Dunnigan,* at 93.

> "It is sufficient if the court makes a finding of an obstruction that encompasses all factual predicates of perjury." Id. at 95.

The second requirement requires the court to identify the perjurous statement. "The district court is not required to recite the perjured testimony verbatim." *Untied States v. Massey*, 48 F.3d 1560, 1574 (10th Cir. 1995). "It is sufficient that the court generally identify the testimony at issue". Id. *See also*, *United States v. Quarrell*, 310 F.3d 664 (10th Cir. 2002); *United States v. Smith*, 81 F.3d 915 (10th Cir. 1996)

In this case the defendant testified that the guards simply appeared at this cell for no reason and he feared that they would beat him. He testified that guards entered his cell

and beat him with their fists, flash lights and chairs.  The photographs showed no bruising and the physician's assistant testified in rebuttal that the defendant had no injuries except the self inflicted superficial cuts to his abdomen and wrists.  Furthermore, there were no chairs in the defendant's cell.  In order for the defendant's testimony to be true, the guards would have had to leave the cell during the beating and bring back a chair to continue the beating.  Then after the altercation was over, they would have to have had the presence of mind to return the chair to its proper place.

The defendant's testimony at the time of trial was a complete and utter fabrication.  The defendant committed perjury and now seems to be saying that his mental state prevented him from obstructing justice.  The problem with the defendant's current theory is that an independent medical evaluation disproves the defendant's claim.  Dr. Collin's assessment of the defendant found he suffered from no mental defect whatsoever.  He knows the difference between right and wrong and the truth from a lie.  He chose to lie, after swearing an oath to tell the truth, and should now be held accountable.

**4.    Facts Of The Underlying Case**.

The defendant objects to the inclusion of the facts of the underlying case.  The Pre-Sentence Report accurately reflects the facts contained in the police report, and the original Pre-Sentence Report.  The facts were documented, the defendant was charged and acquitted of that conduct, however was convicted of contempt of court and sentenced to 20 to 60 months.  This objection will result in no change to the defendant's ultimate sentencing guideline range.

**5.    Inclusion Of The Psychological Information**.

The defendant objects to the inclusion of the information provided by Dr. Collins

claiming that he did not attempt to falsify symptoms during his evaluation.  The defendant would have the court believe that a trained psychologist would falsify an evaluation of the defendant.  For what purpose would this Doctor risk her professional reputation and career?  As was noted by Dr. Collins it wasn't until the defendant realized he was speaking to a psychologist that he began to feign mental disability.  This objection will have no impact on the defendant's ultimate sentence.  However, it is relevant for the court to determine where within the guideline range the defendant should be sentenced, and to determine whether an upward departure may be warranted.

**6.     Downward Departure.**

The defendant objects to the fact that the pre-sentence writer identified no basis for a downward departure.  The government agrees with the report and more fully addressed the issue by separate motion requesting the court deny the defendant's request for downward departure.  The government will stand on its response previously filed.

## CONCLUSION

The only objection filed by the defendant that will have any impact whatsoever on the defendant's sentencing guideline range is the one relating to his obstruction of justice.

The government believes that the pre-sentence report is accurate. The defendant's objections should be denied and he should be sentenced appropriately.

Respectfully submitted,
ERIC F. MELGREN
United States Attorney


s/Kim I. Martin
KIM I. MARTIN, # 13407
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: kim.martin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2005, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Patrick E. D'Arcy
813 North 9th Street
Kansas City, KS 66101

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

None.


s/Kim I. Martin
KIM I. MARTIN, # 13407
Assistant United States Attorney